IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KENNETH E. SHRADER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 09-CV-172-FHM

**OPINION AND ORDER**

Plaintiff, Kenneth E. Shrader, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's April 5, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held January 15, 2008 and July 1, 2008. By decision dated September 25, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 26, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 45 on the alleged disability onset date. He has a high school education and formerly worked as line service supervisor.  He claims to have been unable to work since February 1, 2005, as a result of pain in the knees, back, shoulder, hands, wrists, feet and neck, depression, anxiety, diabetes, vision loss, headaches, kidney problems and sleep apnea.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to:

> lift and carry more than 20 pounds occasionally and 10 pounds frequently; stand and walk two hours [out] of an eight-hour workday at intervals of 30 minutes; sit six hours out of an eight-hour workday at one hour intervals; limited squatting, occasional bending, stooping, climbing, crouching, crawling, operate foot controls, pushing or pulling; avoid fine vision; light fingering and feeling; slight twisting; moderate head movement; low noise and light; occasional reaching overhead; avoid cold and damp and heights, fast and dangerous machinery; have easy access to a restroom; and simple repetitive and routine work.

[R. 20].  These restrictions render Plaintiff unable to perform his past relevant work. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining

2

whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to consider all of his mental impairments in connection with the analysis of the Listings of Impairments; failed to perform a proper credibility analysis; and erred by accepting jobs identified by the vocational expert which are precluded by the limitations in the RFC.

The court finds that the ALJ's decision must be REVERSED and the case REMANDED because according to the Dictionary of Occupational Titles (DOT), Plaintiff's performance of almost half of the jobs identified by the vocational expert is precluded by the ALJ's RFC findings. However, the remainder of the ALJ's analysis was performed in accordance with the applicable regulations and is supported by substantial evidence.

The vocational expert identified "sedentary sorter, 600 jobs in Oklahoma and 86,000 nationally and sedentary clerical mailer, 800 jobs in Oklahoma and 84,000 nationally," [R. 24], as jobs that could be performed with Plaintiff's RFC. As required, the ALJ questioned the vocational expert about whether her testimony conflicted with the DOT and the vocational expert answered that it did not. [R. 235-36]. However, the noise level the DOT ascribes to the sorter position does conflict with the noise limitation in the ALJ's RFC findings.

The ALJ included the following noise limitation in the hypothetical questioning to the vocational expert:

> I want to be low noise and low light unless, you know, I'm not ruling out business education, commercial type noise and light environments, but he should not be out on bright sunlight

3

> flagging trucks, working around bright photo floods, working factory floor with a lot of background equipment.

[R. 234]. The DOT lists required aptitudes, characteristics, demands, and environmental conditions required for the performance of various occupations. One of the environmental conditions listed for the sorter position identified by the vocational expert is "Noise Level: Level 4–Loud." *Dictionary of Occupational Titles* § 521.687-086, [Dkt. 15-2, p. 3]. The illustrative examples given for Noise Intensity Level 4-Loud are "can manufacturing department; large earth-moving equipment; heavy traffic." *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles,* Appendix D, [Dkt. 15-2, p. 5]. There is only one higher category of noise level, which is "Very Loud." Illustrative examples of "Very Loud" are "rock concert-front row; jack-hammer in operation; rocket engine testing area during test." *Id.* The noise level which the ALJ described, the DOT would categorize as "moderate" which means "business office where type-writers are used; department store; grocery store; light traffic; fast food restaurant at off-hours." *Id.*

According to SSR 00-4p, the ALJ has an affirmative responsibility to ask about any possible conflict between vocational expert testimony and information provided in the DOT. Further, if the vocational expert's evidence appears to conflict with the DOT, the ALJ is required to obtain a reasonable explanation for the conflict. As demonstrated by the foregoing, the vocational expert's testimony conflicts with the DOT. The record contains no explanation for that conflict. The absence of such an explanation requires remand. *Haddock v. Apfel*, 196 F.3d 1084, 1091-2 (10th Cir. 1999).

The court rejects the Commissioner's contention that the "V[ocational] E[xpert] specifically testified that a restriction to low noise would not preclude Plaintiff from

4

performing the nut sorter jobs (Tr. 234)." [Dkt. 19, p. 25]. At page 234 of the record, the hearing transcript reflects that the only question asked of the vocational expert is whether there could be a return to past relevant work, given the hypothetical restrictions. [R. 234]. The entirety of the exchange between the ALJ and the vocational expert concerning the DOT follows:

> Q [ALJ]   In your testimony today, has there been any deviation from the Dictionary of Occupational Titles that you haven't already explained or you feel needs further explanation?
>
> A [VE]    No, Your Honor.

[R. 235-36]. The sorter position identified by the ALJ has environmental conditions excluded by the ALJ's RFC. The Commissioner's attempt to construct the vocational expert's one-word answer into specific testimony that a restriction to low noise would not preclude Plaintiff's performance of the sorter job fails.

The Commissioner argues that even if Plaintiff were unable to perform the sorter job, the addresser job comprises 800 jobs in Oklahoma and 84,000 nationally, which Plaintiff can perform and which the Commissioner argues constitutes a significant number of jobs. The Commissioner cited *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992) where the Court affirmed the denial of benefits where 650 to 900 jobs spread over several occupations fell within the claimant's RFC. The Court rejected the opportunity to draw a bright line establishing the number of jobs necessary to constitute a significant number. The *Trimiar* case was affirmed based, not on the raw number of jobs, but on the content of the record. Following a discussion of the hearing testimony the Court stated, "[w]e need not strain at numbers in reaching our conclusion that the ALJ's decision is founded on substantial evidence in the record." *Id*. at 1332. In *Allen v. Barnhart*, 357 F.3d 1140, 1144

5

(10th Cir. 2004), the Court declined to find that 100 jobs in a single occupation constituted a significant number of jobs. The Court's decision was driven by the fact that there was no finding by the ALJ that the number of jobs was significant. The Court stated it was not in a position to draw factual conclusions on behalf of the ALJ. *Id.* at 1145.

On the issue of the number of jobs, the present case is a closer call. On the one hand, the number of jobs in this case which remain after the sorter job is eliminated is nearly the same as the number in *Trimiar*. On the other hand, the 800 remaining jobs are in a single occupation, addresser. Plaintiff has raised questions about whether the limitation of avoiding fine vision would eliminate the addresser position which the DOT reflects requires constant near vision acuity. [Dkt. 15-2]. In view of the arguable question about whether Plaintiff can perform the remaining occupation of addresser, it is for the ALJ, not the court, to determine whether this single occupation constitutes significant work.

The court rejects Plaintiff's assertion that the ALJ failed to properly document his analysis of Listing 12.04, Affective Disorders. The ALJ referred to the Plaintiff's testimony concerning his activities of daily living, social functioning, concentration, persistence and pace, and episodes of decompensation. [R. 19].

The court also rejects Plaintiff's contention that the credibility determination was infirm. Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). An ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the

guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors. However, the court may not reweigh the evidence on appeal. The court finds that the ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations, and the ALJ's determination on this matter is supported by substantial evidence in the record.

For the reasons specified herein, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings in conformity with this Opinion and Order.

SO ORDERED this 30th day of April, 2010.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE